**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-05428 JAK (FMOx) | Date | August 7, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Edilberto Martinez, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING THE ACTION TO THE SUPERIOR COURT  JS-6**

On January 17, 2012, Plaintiff Federal National Mortgage Association ("Plaintiff") filed an unlawful detainer action in the Superior Court of California, County of Los Angeles, Central District, against Defendant Edilberto Martinez ("Defendant"), seeking possession of the property located at 1707 S. Highland Avenue, Los Angeles, California 90019 (the "Property"). Compl., Notice of Removal, Exh. A, Dkt. 1. Defendant failed to file a responsive pleading in that action, and on March 2, 2012, the Superior Court entered default judgment against Defendant. Krahenbuhl Decl. ¶ 9, Exh. 1, Dkt. 9-1. On March 8, 2012, the Superior Court issued Plaintiff a writ of possession. *Id.* On June 21, 2012, after the issuance of the writ of possession, Defendant removed the action to this Court. Notice of Removal, Dkt. 1.

On July 16, 2012, Defendant filed an Ex Parte Motion for an Order to Stay Writ of Possession and State Court Proceedings, contending that the Superior Court does not have jurisdiction over the action because a federal question was implicated. Dkt. 10. Plaintiff opposed the motion, arguing that there was no basis for removal and that, even if removal were proper, it was not timely because a judgment had been entered against Defendant prior to his removal. Dkt. 13.

On July 17, 2012, Plaintiff filed an Ex Parte Application for an Order Shortening Time for Notice of Motion and Motion to Remand, arguing that no grounds for removal exist: the underlying action is an unlawful detainer proceeding, no federal claims are included in Plaintiff's complaint, there is no diversity jurisdiction, and judgment previously was entered against Defendant in the Superior Court. Dkt. 9. On July 20, 2012, the Court issued an Order instructing Defendant to file any opposition to Plaintiff's Ex Parte Application, and to the underlying motion to remand, on or before July 23, 2012. Dkt. 15. Defendant opposed the Ex Parte Application, arguing that the Superior Court lacks jurisdiction for federal securities violations under the National Housing Act of 1934, Securities Act of 1933 and Securities and Exchange Act of 1934; thus, the action should proceed in this Court. Dkt. 17. On July 26, 2012, this Court denied Plaintiff's Ex Parte Application to the extent that it sought to set the hearing on Plaintiff's motion to remand for July 30, 2012. Dkt. 19. However, the Court took Plaintiff's motion to remand under submission in light of Defendant's prior opportunity to respond to the merits of Plaintiff's motion. *Id.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-05428 JAK (FMOx) | Date | August 7, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Edilberto Martinez, et al. | | |

Thus, the issue of remand has been fully briefed by both parties: Plaintiff submitted an Ex Parte Application, which included the merits of Plaintiff's motion to remand for lack of federal jurisdiction. Dkt. 9. Defendant opposed the Ex Parte Application, arguing that removal was proper because of the presence of a federal question. Dkt. 16-17. The Court has reviewed the parties' submissions and finds this matter appropriate for decision without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15. In light of the filings on the issue of remand, the Court finds that it lacks jurisdiction over the unlawful detainer action and remands this matter to the Superior Court of California, County of Los Angeles, Central District.

Defendant, as the removing party, has the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994). Defendant argues that this Court has subject matter jurisdiction over this action based on federal question jurisdiction, 28 U.S.C. §§ 1331, 1441 and 1446. Federal question jurisdiction exists where a civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated.

*K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011). Plaintiff's complaint does not raise a federal question; it is solely an action for unlawful detainer under California law. Defendant argues that the action is based upon a federal question involving the National Housing Act of 1934, Securities Act of 1933 and Securities and Exchange Act of 1934. On June 19, 2012, Defendant received a securitization analysis report detailing what Defendant contends reflects securities fraud as well as defects in the chain of title to the property in dispute. Notice of Removal ¶¶ 5-6, Dkt. 1. Although Defendant purports to raise certain arguments concerning federal law, "the existence of federal jurisdiction on removal must be determined from the face of plaintiff's complaint." *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir. 1993) (internal quotations and alterations omitted). "[T]he existence of a defense based upon federal law is insufficient to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). No claims based on federal law appear on the face of the complaint; Defendant's arguments raise only defenses allegedly premised on federal law. Thus, because Plaintiff's complaint raises issues only under state law, federal question jurisdiction does not exist.

This Court also lacks diversity jurisdiction over this matter. Diversity jurisdiction exists only where the civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Complete diversity of citizenship is required: "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). A defendant that is a citizen of the state where the action is brought cannot remove to federal court based on diversity jurisdiction. 28 U.S.C. § 1441(b)(2). Defendant does not allege that the parties are citizens of different states. Further, because this action was brought in the California Superior Court, and because Defendant is a California citizen, he may not remove based on diversity jurisdiction. Additionally, Plaintiff's unlawful detainer complaint specifically limits damages sought to $10,000, which is less than the jurisdictional requirement for a diversity action. For these three independent reasons,

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-05428 JAK (FMOx) | Date | August 7, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Edilberto Martinez, et al. | | |

Defendant may not remove this action based on diversity jurisdiction.

Further, Defendant removed this action after its conclusion. Thus, a final judgment, a default judgment, and a writ of possession were entered against Defendant on March 2, 2012, over three months before Defendant's removal was effected on June 21, 2012. "Because final judgment has already been entered in favor of Plaintiff, there is no 'case or controversy' justiciable before this Court." *Preeminent Inv. Corp. v. Yong Cheng Chang*, No. 5:10-cv-01566-JHN-DTBx, 2010 WL 4628090, at *1 (C.D. Cal. Nov. 5, 2010); *See* U.S. CONST. art. III. Accordingly, there is no "case" for Defendant to remove. *See also Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988) ("[I]t would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation"). For this additional reason, Defendant's removal was improper.

Because Defendant has failed to establish that this Court enjoys either diversity or federal question jurisdiction over this action, Plaintiff's motion to remand is GRANTED. Defendant's Ex Parte Application is DENIED. This action is remanded to the Superior Court of California, County of Los Angeles, Central District, Case No. 12U00731. Plaintiff shall provide Defendant with notice of this Order.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | ak |